IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SHARP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:16-cv-1083-JPG-DGW |
| v. ) | |
| ) | |
| JOE KEELING and LYNETTE HENZE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

    Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint filed on February 14, 2017 (Doc. 13).  For the reasons set forth below, the Motion is **GRANTED**.

    Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires."  The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities."  *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).  This Circuit has recognized that, "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.").  A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir.

2004).

Here, Plaintiff seeks to amend his complaint to identify Defendant Jane Doe as Lynette Henze. The Court has reviewed Plaintiff's proposed amended complaint and finds it properly identifies Jane Doe Defendant, makes no substantive changes to the claims pending in this lawsuit (which have already been screened and found to state a claim), and does not attempt to include any additional claims. Accordingly, the Court finds Plaintiff's motion to amend is neither unduly delayed nor futile and it is hereby **GRANTED**. The Clerk of Court is directed to file Plaintiff's proposed amended complaint as the First Amendment Complaint.

The Clerk of Court shall prepare for Defendant Lynette Henze: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: February 24, 2017**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**