UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID SHARP,

    Plaintiff,

v.

JOE KEELING and LYNETTE HENZE,

    Defendants.

Case No. 3:16-cv-01083-JPG-DGW

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 36) of Magistrate Judge Donald G. Wilkerson with regard to the defendants' motion to dismiss for failure to state a claim (Doc. 28). The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Here, no party has filed an objection, but the entire Report does not withstand a review for clear error.

**I.    BACKGROUND**

David Sharp is an inmate with a history of mental health and brain issues, including post-traumatic stress disorder. (Am. Compl. 2, Doc. 17.) These issues appear to be related to his former service with the U.S. Army, and Sharp states that the U.S. Department of Veterans Affairs was treating him for these health issues. (*Id.* at 2–3.) Nevertheless, in December 2013, the police arrested Sharp following an incident and detained him at Wabash County Jail pending

resolution of the corresponding criminal charge. (*Id.* at 3.) On December 28, 2013—shortly after his detention began—Sharp went on a hunger strike and formulated a plan to kill himself with a broken shard of glass. (*Id.* at 3.) But when Sharp saw his father at a court hearing a few weeks later on January 7, 2014, he changed his mind, turned over the shard of glass, and told corrections officer Lynette Henze about his plan. (*Id.*)

Over the next few months, Sharp's wife brought his medications to the jail so that Sharp could continue his prescribed treatment. Those medication refills ran out in May 2014. Sharp then asked Sheriff Joe Keeling to arrange an appointment with a doctor so that he could refill his prescriptions, but after Keeling allegedly refused the request, Sharp was forced off his medications. (*Id.*)

In June 2014, the authorities transferred Sharp to Chester Mental Health Center ("Chester") so that the facility could assess Sharp's fitness to stand trial. Sharp stayed at Chester until September 2014, and that facility wrote him a new prescription for his medications. Sharp refused to take them, however, because he believed he would go into withdrawal when he returned to Wabash County Jail. Ultimately, the Illinois Department of Corrections took custody of Sharp and removed him from the jail in December 2014. (*Id.*)

In September 2016, Sharp brought a deliberate indifference to medical needs claim in this Court against Keeling and an unknown "Jane Doe" defendant, pursuant to 18 U.S.C. § 1983. (Compl., Doc. 1.) Sharp amended that complaint in February 2017 to substitute Henze for the "Jane Doe" defendant. (Am. Compl., Doc. 17.) Now, the defendants have moved to dismiss the amended complaint on the grounds that (1) the statute of limitations bars Sharp's claim, and (2) Sharp's claim against Henze in the amended complaint cannot relate back to the initial complaint. (Mot. to Dismiss, Doc. 28.)

## II. LEGAL STANDARDS

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). This is a context-specific task that invokes the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

As an initial matter, the Court must clarify the applicable legal standards in this case. While the Report correctly notes that the defendants seek dismissal here pursuant to Federal Rule of Civil Procedure 12(b)(6), the Report also states several times that the defendants are seeking summary judgment. This Court affirms that the defendants are seeking a 12(b)(6) dismissal, not summary judgment.

### i. *Defendant Joe Keeling*

With respect to defendant Keeling, the Report first acknowledges that the "only dates relevant to the deliberate indifference claim are those prior to Sharp's transfer to Chester." (R. &

3

R. 6, Doc. 36.) These dates are important because they govern when the cause of action started to accrue in this case, which then implicates when the statute of limitations expired. *See Devbrow v. Kalu,* 705 F.3d 765, 768 (7th Cir. 2013) (for Section 1983 deliberate indifference claims, the claim accrues "when a person knows his injury and its cause."). But then, the Report concludes that Keeling's argument fails because the complaint does not state which specific day in June Sharp was transferred to Chester Mental Health Center. (R. & R. 6, Doc. 36.) The Report believes that the specific day is necessary to determine whether the statute of limitations has run here.

The Report's hair-splitting on this issue is unnecessary. According to the complaint, the statute of limitations on Sharp's claim started to accrue sometime in June 2014. The statute of limitations on a Section 1983 claim in Illinois is two years. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Sharp filed this action in September 2016—over two years after the claim started to accrue regardless of which day in June you select. Accordingly, the Court declines to adopt the conclusions of the Report on this issue.

Next, there is another issue here that the Report did not address. In his first amended complaint, Sharp mentions that he has filed over ten grievances about this issue. (Am. Compl. 2, Doc. 17.) This indicates that Sharp was attempting to resolve this issue through the administrative remedy process, which the Prison Litigation Reform Act requires him to do. 42 U.S.C. § 1997e(a). And the Seventh Circuit has instructed that the statute of limitations on a claim is tolled while a prisoner is pursuing those administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Since the complaint plausibly suggests that the statute of limitations may be subject to tolling in this case, it would be premature for the Court to conclude

at the 12(b)(6) stage that the statute of limitations bars Sharp's claim. The Court must **DENY** the motion to dismiss with respect to the claim against defendant Keeling.

### ii. *Defendant Lynette Henze*

Next, the Report discusses defendant Henze. The defendants made two arguments regarding the claim against Henze in their motion to dismiss: (1) that the statute of limitations bars Sharp's claim against her, and (2) Sharp's claim against Henze in the first amended complaint cannot relate back to the initial complaint. (Mot. to Dismiss 8–12, Doc. 28.) Henze's argument on the statute of limitations differs slightly from Keeling's: since Henze's alleged violation occurred in January 2014 rather than June 2014, the defendants argue that the statute of limitations has indisputably run its course. (*Id.* at 8.)

First, the Report analyzed and rejected Henze's relation back argument. The Court has reviewed that analysis for clear error and finds none. The Report, however, failed to address Henze's statute of limitations argument. This was in clear error because Sharp's claim against Henze may certainly be barred by the statute of limitations—depending on the administrative remedies tolling issue described above. Accordingly, Sharp's claim against Henze may or may not survive to the end of these proceedings, but that issue is not yet ready for adjudication at the 12(b)(6) stage. The Court must also **DENY** the motion to dismiss with respect to the claim against defendant Henze.

## CONCLUSION

For the foregoing reasons, the Court:

- **ADOPTS in part** and **REJECTS in part** the Report (Doc. 36);
- **MODIFIES** the Report only to the extent provided in this Memorandum & Order; and
- **DENIES** the defendants' motion to dismiss (Doc. 28).

**IT IS SO ORDERED.**

**DATED: FEBRUARY 12, 2018**

                                                            **s/ *J. Phil Gilbert*** 
                                                            **J. PHIL GILBERT** 
                                                           **DISTRICT JUDGE**